**FORM 13**

## UNITED STATES COURT OF INTERNATIONAL TRADE
One Federal Plaza
New York, New York  10278

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

This notification is submitted by Molly E. Nixon

(Name of attorney of record)

on behalf of Princess Awesome, LLC in the

matter of Princess Awesome, LLC, et al. v. US Customs and Border Protection, et al.,

Court No. 25-00078.

1. If this statement is submitted on behalf of a corporate party, that entity shall identify below the entity's parent corporation(s), all of its publicly-owned companies, any publicly-held company that has a 10% or greater ownership interest in the entity, and any publicly-owned affiliate of the entity, and describe the relationship between the party and each identified company.
Not applicable.

2. Indicate whether the party on whose behalf this Form is being filed is ☑ or is not ☐ the real party in interest.  If not, identify below the real party in interest.

3. If this statement is submitted on behalf of a trade association, identify below each publicly-owned member of the trade association.  (Attach additional pages if necessary.)
Not applicable.

s/Molly E. Nixon                          4/24/2025
(Signature of Attorney)                   (Date)

**SEE REVERSE SIDE**

(Added Nov. 4, 1981, eff. Jan. 1, 1982; as amended Dec. 18, 2001, eff. Apr.1, 2002; Sept. 28, 2004, eff. January 1, 2005; June 11, 2024, eff. Aug. 1, 2024.)

**INSTRUCTIONS FOR USE**

**<u>DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST\*</u>**

1.  When a corporation is a party to any action, the attorney for the party shall notify the clerk of the court in writing of the identity of the entity's parent corporation(s), all publicly-owned companies owned by the party, any publicly-held company that has a 10% or greater ownership interest in the entity and any publicly-owned affiliate of the entity and the relationship between the party and each identified company.

2.  The attorney for the party on whose behalf the form is filed shall, in addition to the information required in paragraph 1, notify the clerk of the court in writing of the identity of the real party in interest if different from the named party.

3.  When a trade association is a party to an action, the attorney for the trade association shall notify the clerk of the court in writing of the identity of each publicly-owned member of the trade association.

4.  The notification required of a corporate party or trade association also shall be made by the attorney for any corporation or trade association seeking to intervene, or appear as *amicus curiae*, in any action.

5.  The required notification shall be made on a Disclosure Statement form (on the reverse) to be provided by the clerk of the court when the first pleading or other paper is filed by a party or when a motion to intervene or appear as *amicus curiae* is filed.

6.  In accordance with Rule 3(i), if any the information required changes after the form is filed, and before a final judgment is issued, the attorney for the party or *amicus curiae* must file an amended form within seven (7) days of the change(s).

7.  When a corporation is a party to any action and the parent corporation(s) is not publicly-known or disclosable, the attorney for the party may include the reference to the parent corporation(s) on a separate page to be submitted confidentially with the Court.

\*See generally: 28 U.S.C. § 455.

**FORM 13**

## UNITED STATES COURT OF INTERNATIONAL TRADE
One Federal Plaza
New York, New York  10278

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

This notification is submitted by <u>Molly E. Nixon</u>

<u>(Name of attorney of record)</u>

on behalf of <u>Stonemaier, LLC</u> in the

matter of <u>Princess Awesome, LLC, et al.</u> v. <u>US Customs and Border Protection, et al.</u>,

Court No. <u>25-00078</u>.

1. If this statement is submitted on behalf of a corporate party, that entity shall identify below the entity's parent corporation(s), all of its publicly-owned companies, any publicly-held company that has a 10% or greater ownership interest in the entity, and any publicly-owned affiliate of the entity, and describe the relationship between the party and each identified company.
<u>Not applicable.</u>

2. Indicate whether the party on whose behalf this Form is being filed is ☑ or is not ☐ the real party in interest.  If not, identify below the real party in interest.

3. If this statement is submitted on behalf of a trade association, identify below each publicly-owned member of the trade association.  (Attach additional pages if necessary.)
<u>Not applicable.</u>

<u>s/Molly E. Nixon</u>                          <u>4/24/2025</u>
(Signature of Attorney)                          (Date)

**SEE REVERSE SIDE**

(Added Nov. 4, 1981, eff. Jan. 1, 1982; as amended Dec. 18, 2001, eff. Apr.1, 2002; Sept. 28, 2004, eff. January 1, 2005; June 11, 2024, eff. Aug. 1, 2024.)

**INSTRUCTIONS FOR USE**

**<u>DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST\*</u>**

1.  When a corporation is a party to any action, the attorney for the party shall notify the clerk of the court in writing of the identity of the entity's parent corporation(s), all publicly-owned companies owned by the party, any publicly-held company that has a 10% or greater ownership interest in the entity and any publicly-owned affiliate of the entity and the relationship between the party and each identified company.

2.  The attorney for the party on whose behalf the form is filed shall, in addition to the information required in paragraph 1, notify the clerk of the court in writing of the identity of the real party in interest if different from the named party.

3.  When a trade association is a party to an action, the attorney for the trade association shall notify the clerk of the court in writing of the identity of each publicly-owned member of the trade association.

4.  The notification required of a corporate party or trade association also shall be made by the attorney for any corporation or trade association seeking to intervene, or appear as *amicus curiae*, in any action.

5.  The required notification shall be made on a Disclosure Statement form (on the reverse) to be provided by the clerk of the court when the first pleading or other paper is filed by a party or when a motion to intervene or appear as *amicus curiae* is filed.

6.  In accordance with Rule 3(i), if any the information required changes after the form is filed, and before a final judgment is issued, the attorney for the party or *amicus curiae* must file an amended form within seven (7) days of the change(s).

7.  When a corporation is a party to any action and the parent corporation(s) is not publicly-known or disclosable, the attorney for the party may include the reference to the parent corporation(s) on a separate page to be submitted confidentially with the Court.

\*See generally: 28 U.S.C. § 455.

**FORM 13**

## UNITED STATES COURT OF INTERNATIONAL TRADE
One Federal Plaza
New York, New York  10278

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

This notification is submitted by Molly E. Nixon

(Name of attorney of record)

on behalf of Tinkerhouse, Inc. in the

matter of Princess Awesome, LLC, et al. v. US Customs and Border Protection, et al. ,

Court No. 25-00078 .

1. If this statement is submitted on behalf of a corporate party, that entity shall identify below the entity's parent corporation(s), all of its publicly-owned companies, any publicly-held company that has a 10% or greater ownership interest in the entity, and any publicly-owned affiliate of the entity, and describe the relationship between the party and each identified company.
Not applicable.

2. Indicate whether the party on whose behalf this Form is being filed is ☑ or is not ☐ the real party in interest.  If not, identify below the real party in interest.

3. If this statement is submitted on behalf of a trade association, identify below each publicly-owned member of the trade association.  (Attach additional pages if necessary.)
Not applicable.

s/Molly E. Nixon

(Signature of Attorney)

4/24/2025

(Date)

**SEE REVERSE SIDE**

(Added Nov. 4, 1981, eff. Jan. 1, 1982; as amended Dec. 18, 2001, eff. Apr.1, 2002; Sept. 28, 2004, eff. January 1, 2005; June 11, 2024, eff. Aug. 1, 2024.)

**INSTRUCTIONS FOR USE**

**DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST\***

1.  When a corporation is a party to any action, the attorney for the party shall notify the clerk of the court in writing of the identity of the entity's parent corporation(s), all publicly-owned companies owned by the party, any publicly-held company that has a 10% or greater ownership interest in the entity and any publicly-owned affiliate of the entity and the relationship between the party and each identified company.

2.  The attorney for the party on whose behalf the form is filed shall, in addition to the information required in paragraph 1, notify the clerk of the court in writing of the identity of the real party in interest if different from the named party.

3.  When a trade association is a party to an action, the attorney for the trade association shall notify the clerk of the court in writing of the identity of each publicly-owned member of the trade association.

4.  The notification required of a corporate party or trade association also shall be made by the attorney for any corporation or trade association seeking to intervene, or appear as *amicus curiae*, in any action.

5.  The required notification shall be made on a Disclosure Statement form (on the reverse) to be provided by the clerk of the court when the first pleading or other paper is filed by a party or when a motion to intervene or appear as *amicus curiae* is filed.

6.  In accordance with Rule 3(i), if any the information required changes after the form is filed, and before a final judgment is issued, the attorney for the party or *amicus curiae* must file an amended form within seven (7) days of the change(s).

7.  When a corporation is a party to any action and the parent corporation(s) is not publicly-known or disclosable, the attorney for the party may include the reference to the parent corporation(s) on a separate page to be submitted confidentially with the Court.

\*See generally: 28 U.S.C. § 455.

**FORM 13**

## UNITED STATES COURT OF INTERNATIONAL TRADE
One Federal Plaza
New York, New York  10278

### DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

This notification is submitted by <u>Molly E. Nixon</u>

(Name of attorney of record)

on behalf of <u>Reclamation Studio, LLC d/b/a WitsEnd Mosaic</u> in the

matter of <u>Princess Awesome, LLC, et al.</u> v. <u>US Customs and Border Protection, et al.</u>,

Court No. <u>25-00078</u>.

1. If this statement is submitted on behalf of a corporate party, that entity shall identify below the entity's parent corporation(s), all of its publicly-owned companies, any publicly-held company that has a 10% or greater ownership interest in the entity, and any publicly-owned affiliate of the entity, and describe the relationship between the party and each identified company.
<u>Not applicable.</u>

2. Indicate whether the party on whose behalf this Form is being filed is ☑ or is not ☐ the real party in interest.  If not, identify below the real party in interest.

3. If this statement is submitted on behalf of a trade association, identify below each publicly-owned member of the trade association.  (Attach additional pages if necessary.)
<u>Not applicable.</u>

<u>s/Molly E. Nixon</u>               <u>4/24/2025</u>
(Signature of Attorney)                (Date)

**SEE REVERSE SIDE**

(Added Nov. 4, 1981, eff. Jan. 1, 1982; as amended Dec. 18, 2001, eff. Apr.1, 2002; Sept. 28, 2004, eff. January 1, 2005; June 11, 2024, eff. Aug. 1, 2024.)

## INSTRUCTIONS FOR USE

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST*

1.  When a corporation is a party to any action, the attorney for the party shall notify the clerk of the court in writing of the identity of the entity's parent corporation(s), all publicly-owned companies owned by the party, any publicly-held company that has a 10% or greater ownership interest in the entity and any publicly-owned affiliate of the entity and the relationship between the party and each identified company.

2.  The attorney for the party on whose behalf the form is filed shall, in addition to the information required in paragraph 1, notify the clerk of the court in writing of the identity of the real party in interest if different from the named party.

3.  When a trade association is a party to an action, the attorney for the trade association shall notify the clerk of the court in writing of the identity of each publicly-owned member of the trade association.

4.  The notification required of a corporate party or trade association also shall be made by the attorney for any corporation or trade association seeking to intervene, or appear as *amicus curiae*, in any action.

5.  The required notification shall be made on a Disclosure Statement form (on the reverse) to be provided by the clerk of the court when the first pleading or other paper is filed by a party or when a motion to intervene or appear as *amicus curiae* is filed.

6.  In accordance with Rule 3(i), if any the information required changes after the form is filed, and before a final judgment is issued, the attorney for the party or *amicus curiae* must file an amended form within seven (7) days of the change(s).

7.  When a corporation is a party to any action and the parent corporation(s) is not publicly-known or disclosable, the attorney for the party may include the reference to the parent corporation(s) on a separate page to be submitted confidentially with the Court.

*See generally: 28 U.S.C. § 455.

**FORM 13**

## UNITED STATES COURT OF INTERNATIONAL TRADE
One Federal Plaza
New York, New York  10278

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

This notification is submitted by Molly E. Nixon

(Name of attorney of record)

on behalf of XYZ Game Labs, Inc. in the matter of Princess Awesome, LLC, et al. v. US Customs and Border Protection, et al. , Court No. 25-00078 .

1. If this statement is submitted on behalf of a corporate party, that entity shall identify below the entity's parent corporation(s), all of its publicly-owned companies, any publicly-held company that has a 10% or greater ownership interest in the entity, and any publicly-owned affiliate of the entity, and describe the relationship between the party and each identified company.
Not applicable.

2. Indicate whether the party on whose behalf this Form is being filed is ☑ or is not ☐ the real party in interest.  If not, identify below the real party in interest.

3. If this statement is submitted on behalf of a trade association, identify below each publicly-owned member of the trade association.  (Attach additional pages if necessary.)
Not applicable.

s/Molly E. Nixon                         4/24/2025

(Signature of Attorney)                         (Date)

SEE REVERSE SIDE

(Added Nov. 4, 1981, eff. Jan. 1, 1982; as amended Dec. 18, 2001, eff. Apr.1, 2002; Sept. 28, 2004, eff. January 1, 2005; June 11, 2024, eff. Aug. 1, 2024.)

## INSTRUCTIONS FOR USE

### DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST*

1.  When a corporation is a party to any action, the attorney for the party shall notify the clerk of the court in writing of the identity of the entity's parent corporation(s), all publicly-owned companies owned by the party, any publicly-held company that has a 10% or greater ownership interest in the entity and any publicly-owned affiliate of the entity and the relationship between the party and each identified company.

2.  The attorney for the party on whose behalf the form is filed shall, in addition to the information required in paragraph 1, notify the clerk of the court in writing of the identity of the real party in interest if different from the named party.

3.  When a trade association is a party to an action, the attorney for the trade association shall notify the clerk of the court in writing of the identity of each publicly-owned member of the trade association.

4.  The notification required of a corporate party or trade association also shall be made by the attorney for any corporation or trade association seeking to intervene, or appear as *amicus curiae*, in any action.

5.  The required notification shall be made on a Disclosure Statement form (on the reverse) to be provided by the clerk of the court when the first pleading or other paper is filed by a party or when a motion to intervene or appear as *amicus curiae* is filed.

6.  In accordance with Rule 3(i), if any the information required changes after the form is filed, and before a final judgment is issued, the attorney for the party or *amicus curiae* must file an amended form within seven (7) days of the change(s).

7.  When a corporation is a party to any action and the parent corporation(s) is not publicly-known or disclosable, the attorney for the party may include the reference to the parent corporation(s) on a separate page to be submitted confidentially with the Court.

*See generally: 28 U.S.C. § 455.

**FORM 13**

## UNITED STATES COURT OF INTERNATIONAL TRADE
One Federal Plaza
New York, New York  10278

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

This notification is submitted by Molly E. Nixon

(Name of attorney of record)

on behalf of Upward Glance, LLC, d/b/a Quent Cordair Fine Art in the
matter of Princess Awesome, LLC, et al.               v. US Customs and Border Protection, et al. ,
Court No. 25-00078 .

1. If this statement is submitted on behalf of a corporate party, that entity shall identify below the
entity's parent corporation(s), all of its publicly-owned companies, any publicly-held company that
has a 10% or greater ownership interest in the entity, and any publicly-owned affiliate of the entity,
and describe the relationship between the party and each identified company.
Not applicable.

2. Indicate whether the party on whose behalf this Form is being filed is ☑ or is not ☐ the real party
in interest.  If not, identify below the real party in interest.

3. If this statement is submitted on behalf of a trade association, identify below each publicly-owned
member of the trade association.  (Attach additional pages if necessary.)
Not applicable.

s/Molly E. Nixon                              4/24/2025
(Signature of Attorney)                       (Date)

**SEE REVERSE SIDE**

(Added Nov. 4, 1981, eff. Jan. 1, 1982; as amended Dec. 18, 2001, eff. Apr.1, 2002; Sept. 28, 2004, eff.
January 1, 2005; June 11, 2024, eff. Aug. 1, 2024.)

## INSTRUCTIONS FOR USE

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST*

1.  When a corporation is a party to any action, the attorney for the party shall notify the clerk of the court in writing of the identity of the entity's parent corporation(s), all publicly-owned companies owned by the party, any publicly-held company that has a 10% or greater ownership interest in the entity and any publicly-owned affiliate of the entity and the relationship between the party and each identified company.

2.  The attorney for the party on whose behalf the form is filed shall, in addition to the information required in paragraph 1, notify the clerk of the court in writing of the identity of the real party in interest if different from the named party.

3.  When a trade association is a party to an action, the attorney for the trade association shall notify the clerk of the court in writing of the identity of each publicly-owned member of the trade association.

4.  The notification required of a corporate party or trade association also shall be made by the attorney for any corporation or trade association seeking to intervene, or appear as *amicus curiae*, in any action.

5.  The required notification shall be made on a Disclosure Statement form (on the reverse) to be provided by the clerk of the court when the first pleading or other paper is filed by a party or when a motion to intervene or appear as *amicus curiae* is filed.

6.  In accordance with Rule 3(i), if any the information required changes after the form is filed, and before a final judgment is issued, the attorney for the party or *amicus curiae* must file an amended form within seven (7) days of the change(s).

7.  When a corporation is a party to any action and the parent corporation(s) is not publicly-known or disclosable, the attorney for the party may include the reference to the parent corporation(s) on a separate page to be submitted confidentially with the Court.

*See generally: 28 U.S.C. § 455.

**FORM 13**

## UNITED STATES COURT OF INTERNATIONAL TRADE
One Federal Plaza
New York, New York  10278

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

This notification is submitted by Molly E. Nixon

(Name of attorney of record)

on behalf of Rookie Mage Games, LLC                                                        in the

matter of Princess Awesome, LLC, et al.               v. US Customs and Border Protection, et al. ,

Court No. 25-00078           .

1. If this statement is submitted on behalf of a corporate party, that entity shall identify below the
entity's parent corporation(s), all of its publicly-owned companies, any publicly-held company that
has a 10% or greater ownership interest in the entity, and any publicly-owned affiliate of the entity,
and describe the relationship between the party and each identified company.
Not applicable.

2. Indicate whether the party on whose behalf this Form is being filed is ☑ or is not ☐ the real party
in interest.  If not, identify below the real party in interest.

3. If this statement is submitted on behalf of a trade association, identify below each publicly-owned
member of the trade association.  (Attach additional pages if necessary.)
Not applicable.

s/Molly E. Nixon

(Signature of Attorney)

4/24/2025

(Date)

**SEE REVERSE SIDE**

(Added Nov. 4, 1981, eff. Jan. 1, 1982; as amended Dec. 18, 2001, eff. Apr.1, 2002; Sept. 28, 2004, eff.
January 1, 2005; June 11, 2024, eff. Aug. 1, 2024.)

## INSTRUCTIONS FOR USE

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST*

1.    When a corporation is a party to any action, the attorney for the party shall notify the clerk of the court in writing of the identity of the entity's parent corporation(s), all publicly-owned companies owned by the party, any publicly-held company that has a 10% or greater ownership interest in the entity and any publicly-owned affiliate of the entity and the relationship between the party and each identified company.

2.    The attorney for the party on whose behalf the form is filed shall, in addition to the information required in paragraph 1, notify the clerk of the court in writing of the identity of the real party in interest if different from the named party.

3.    When a trade association is a party to an action, the attorney for the trade association shall notify the clerk of the court in writing of the identity of each publicly-owned member of the trade association.

4.    The notification required of a corporate party or trade association also shall be made by the attorney for any corporation or trade association seeking to intervene, or appear as *amicus curiae*, in any action.

5.    The required notification shall be made on a Disclosure Statement form (on the reverse) to be provided by the clerk of the court when the first pleading or other paper is filed by a party or when a motion to intervene or appear as *amicus curiae* is filed.

6.    In accordance with Rule 3(i), if any the information required changes after the form is filed, and before a final judgment is issued, the attorney for the party or *amicus curiae* must file an amended form within seven (7) days of the change(s).

7.    When a corporation is a party to any action and the parent corporation(s) is not publicly-known or disclosable, the attorney for the party may include the reference to the parent corporation(s) on a separate page to be submitted confidentially with the Court.

*See generally: 28 U.S.C. § 455.

**FORM 13**

## UNITED STATES COURT OF INTERNATIONAL TRADE
One Federal Plaza
New York, New York  10278

### DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

This notification is submitted by <u>Molly E. Nixon</u>

(Name of attorney of record)

on behalf of <u>Spielcraft Games, LLC</u> in the

matter of <u>Princess Awesome, LLC, et al.</u> v. <u>US Customs and Border Protection, et al.</u>,

Court No. <u>25-00078</u>.

1. If this statement is submitted on behalf of a corporate party, that entity shall identify below the entity's parent corporation(s), all of its publicly-owned companies, any publicly-held company that has a 10% or greater ownership interest in the entity, and any publicly-owned affiliate of the entity, and describe the relationship between the party and each identified company.
Not applicable.

2. Indicate whether the party on whose behalf this Form is being filed is ☑ or is not ☐ the real party in interest.  If not, identify below the real party in interest.

3. If this statement is submitted on behalf of a trade association, identify below each publicly-owned member of the trade association.  (Attach additional pages if necessary.)
Not applicable.

<u>s/Molly E. Nixon</u>                     <u>4/24/2025</u>
(Signature of Attorney)                          (Date)

SEE REVERSE SIDE

(Added Nov. 4, 1981, eff. Jan. 1, 1982; as amended Dec. 18, 2001, eff. Apr.1, 2002; Sept. 28, 2004, eff. January 1, 2005; June 11, 2024, eff. Aug. 1, 2024.)

**INSTRUCTIONS FOR USE**

**DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST\***

1.    When a corporation is a party to any action, the attorney for the party shall notify the clerk of the court in writing of the identity of the entity's parent corporation(s), all publicly-owned companies owned by the party, any publicly-held company that has a 10% or greater ownership interest in the entity and any publicly-owned affiliate of the entity and the relationship between the party and each identified company.

2.    The attorney for the party on whose behalf the form is filed shall, in addition to the information required in paragraph 1, notify the clerk of the court in writing of the identity of the real party in interest if different from the named party.

3.    When a trade association is a party to an action, the attorney for the trade association shall notify the clerk of the court in writing of the identity of each publicly-owned member of the trade association.

4.    The notification required of a corporate party or trade association also shall be made by the attorney for any corporation or trade association seeking to intervene, or appear as *amicus curiae*, in any action.

5.    The required notification shall be made on a Disclosure Statement form (on the reverse) to be provided by the clerk of the court when the first pleading or other paper is filed by a party or when a motion to intervene or appear as *amicus curiae* is filed.

6.    In accordance with Rule 3(i), if any the information required changes after the form is filed, and before a final judgment is issued, the attorney for the party or *amicus curiae* must file an amended form within seven (7) days of the change(s).

7.    When a corporation is a party to any action and the parent corporation(s) is not publicly-known or disclosable, the attorney for the party may include the reference to the parent corporation(s) on a separate page to be submitted confidentially with the Court.

\*See generally: 28 U.S.C. § 455.

**FORM 13**

## UNITED STATES COURT OF INTERNATIONAL TRADE
One Federal Plaza
New York, New York  10278

### DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

This notification is submitted by Molly E. Nixon
(Name of attorney of record)

on behalf of 300 Below, Inc.                                                          in the

matter of Princess Awesome, LLC, et al.     v. US Customs and Border Protection, et al. ,

Court No. 25-00078     .

1. If this statement is submitted on behalf of a corporate party, that entity shall identify below the entity's parent corporation(s), all of its publicly-owned companies, any publicly-held company that has a 10% or greater ownership interest in the entity, and any publicly-owned affiliate of the entity, and describe the relationship between the party and each identified company.
Not applicable.



2. Indicate whether the party on whose behalf this Form is being filed is ☑ or is not ☐ the real party in interest.  If not, identify below the real party in interest.




3. If this statement is submitted on behalf of a trade association, identify below each publicly-owned member of the trade association.  (Attach additional pages if necessary.)
Not applicable.




s/Molly E. Nixon                         4/24/2025

(Signature of Attorney)                  (Date)

**SEE REVERSE SIDE**

(Added Nov. 4, 1981, eff. Jan. 1, 1982; as amended Dec. 18, 2001, eff. Apr.1, 2002; Sept. 28, 2004, eff. January 1, 2005; June 11, 2024, eff. Aug. 1, 2024.)

## INSTRUCTIONS FOR USE

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST*

1.  When a corporation is a party to any action, the attorney for the party shall notify the clerk of the court in writing of the identity of the entity's parent corporation(s), all publicly-owned companies owned by the party, any publicly-held company that has a 10% or greater ownership interest in the entity and any publicly-owned affiliate of the entity and the relationship between the party and each identified company.

2.  The attorney for the party on whose behalf the form is filed shall, in addition to the information required in paragraph 1, notify the clerk of the court in writing of the identity of the real party in interest if different from the named party.

3.  When a trade association is a party to an action, the attorney for the trade association shall notify the clerk of the court in writing of the identity of each publicly-owned member of the trade association.

4.  The notification required of a corporate party or trade association also shall be made by the attorney for any corporation or trade association seeking to intervene, or appear as *amicus curiae*, in any action.

5.  The required notification shall be made on a Disclosure Statement form (on the reverse) to be provided by the clerk of the court when the first pleading or other paper is filed by a party or when a motion to intervene or appear as *amicus curiae* is filed.

6.  In accordance with Rule 3(i), if any the information required changes after the form is filed, and before a final judgment is issued, the attorney for the party or *amicus curiae* must file an amended form within seven (7) days of the change(s).

7.  When a corporation is a party to any action and the parent corporation(s) is not publicly-known or disclosable, the attorney for the party may include the reference to the parent corporation(s) on a separate page to be submitted confidentially with the Court.

*See generally: 28 U.S.C. § 455.

**FORM 13**

## UNITED STATES COURT OF INTERNATIONAL TRADE
One Federal Plaza
New York, New York  10278

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

This notification is submitted by Molly E. Nixon

(Name of attorney of record)

on behalf of KingSeal Corporation d/b/a Wesco Enterprises, Inc. in the

matter of Princess Awesome, LLC, et al. v. US Customs and Border Protection, et al. ,

Court No. 25-00078 .

1. If this statement is submitted on behalf of a corporate party, that entity shall identify below the entity's parent corporation(s), all of its publicly-owned companies, any publicly-held company that has a 10% or greater ownership interest in the entity, and any publicly-owned affiliate of the entity, and describe the relationship between the party and each identified company.
Not applicable.

2. Indicate whether the party on whose behalf this Form is being filed is ☑ or is not ☐ the real party in interest.  If not, identify below the real party in interest.

3. If this statement is submitted on behalf of a trade association, identify below each publicly-owned member of the trade association.  (Attach additional pages if necessary.)
Not applicable.

s/Molly E. Nixon                              4/24/2025
(Signature of Attorney)                        (Date)

**SEE REVERSE SIDE**

(Added Nov. 4, 1981, eff. Jan. 1, 1982; as amended Dec. 18, 2001, eff. Apr.1, 2002; Sept. 28, 2004, eff. January 1, 2005; June 11, 2024, eff. Aug. 1, 2024.)

**INSTRUCTIONS FOR USE**

**DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST\***

1.      When a corporation is a party to any action, the attorney for the party shall notify the clerk of the court in writing of the identity of the entity's parent corporation(s), all publicly-owned companies owned by the party, any publicly-held company that has a 10% or greater ownership interest in the entity and any publicly-owned affiliate of the entity and the relationship between the party and each identified company.

2.      The attorney for the party on whose behalf the form is filed shall, in addition to the information required in paragraph 1, notify the clerk of the court in writing of the identity of the real party in interest if different from the named party.

3.      When a trade association is a party to an action, the attorney for the trade association shall notify the clerk of the court in writing of the identity of each publicly-owned member of the trade association.

4.      The notification required of a corporate party or trade association also shall be made by the attorney for any corporation or trade association seeking to intervene, or appear as *amicus curiae*, in any action.

5.      The required notification shall be made on a Disclosure Statement form (on the reverse) to be provided by the clerk of the court when the first pleading or other paper is filed by a party or when a motion to intervene or appear as *amicus curiae* is filed.

6.      In accordance with Rule 3(i), if any the information required changes after the form is filed, and before a final judgment is issued, the attorney for the party or *amicus curiae* must file an amended form within seven (7) days of the change(s).

7.      When a corporation is a party to any action and the parent corporation(s) is not publicly-known or disclosable, the attorney for the party may include the reference to the parent corporation(s) on a separate page to be submitted confidentially with the Court.


\*See generally: 28 U.S.C. § 455.

**FORM 13**

## UNITED STATES COURT OF INTERNATIONAL TRADE
One Federal Plaza
New York, New York 10278

### DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

This notification is submitted by Molly E. Nixon

(Name of attorney of record)

on behalf of Mischief, LLC d/b/a Mischief Toy Store in the

matter of Princess Awesome, LLC, et al.  v. US Customs and Border Protection, et al. ,

Court No. 25-00078 .

1. If this statement is submitted on behalf of a corporate party, that entity shall identify below the entity's parent corporation(s), all of its publicly-owned companies, any publicly-held company that has a 10% or greater ownership interest in the entity, and any publicly-owned affiliate of the entity, and describe the relationship between the party and each identified company.

Not applicable.

2. Indicate whether the party on whose behalf this Form is being filed is ☑ or is not ☐ the real party in interest. If not, identify below the real party in interest.

3. If this statement is submitted on behalf of a trade association, identify below each publicly-owned member of the trade association. (Attach additional pages if necessary.)

Not applicable.

s/Molly E. Nixon                                4/24/2025
(Signature of Attorney)                          (Date)

**SEE REVERSE SIDE**

(Added Nov. 4, 1981, eff. Jan. 1, 1982; as amended Dec. 18, 2001, eff. Apr.1, 2002; Sept. 28, 2004, eff. January 1, 2005; June 11, 2024, eff. Aug. 1, 2024.)

**INSTRUCTIONS FOR USE**

**DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST\***

1.     When a corporation is a party to any action, the attorney for the party shall notify the clerk of the court in writing of the identity of the entity's parent corporation(s), all publicly-owned companies owned by the party, any publicly-held company that has a 10% or greater ownership interest in the entity and any publicly-owned affiliate of the entity and the relationship between the party and each identified company.

2.     The attorney for the party on whose behalf the form is filed shall, in addition to the information required in paragraph 1, notify the clerk of the court in writing of the identity of the real party in interest if different from the named party.

3.     When a trade association is a party to an action, the attorney for the trade association shall notify the clerk of the court in writing of the identity of each publicly-owned member of the trade association.

4.     The notification required of a corporate party or trade association also shall be made by the attorney for any corporation or trade association seeking to intervene, or appear as *amicus curiae*, in any action.

5.     The required notification shall be made on a Disclosure Statement form (on the reverse) to be provided by the clerk of the court when the first pleading or other paper is filed by a party or when a motion to intervene or appear as *amicus curiae* is filed.

6.     In accordance with Rule 3(i), if any the information required changes after the form is filed, and before a final judgment is issued, the attorney for the party or *amicus curiae* must file an amended form within seven (7) days of the change(s).

7.     When a corporation is a party to any action and the parent corporation(s) is not publicly-known or disclosable, the attorney for the party may include the reference to the parent corporation(s) on a separate page to be submitted confidentially with the Court.

\*See generally: 28 U.S.C. § 455.