## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **PRINCESS AWESOME, LLC**, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>**UNITED STATES CUSTOMS AND BORDER PROTECTION**, et al.,<br><br>        Defendants. | COURT NO. 25-00078 |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS

Plaintiffs—eleven small businesses suffering ongoing and irreparable injury caused by the President's unilaterally imposed tariffs[1]—oppose Defendants' Motion to Stay Proceedings. Defendants request an indefinite stay of Plaintiffs' action until a "final, non-appealable decision" in another case brought by Oregon and sister states, which, unlike Plaintiffs here, seek only prospective relief, *Oregon v. Trump*, No. 25-00077. Mot. at 3. But an indefinite stay is not warranted: A stay would increase Plaintiffs' already significant harm by denying them imminently needed relief; unnecessarily delay this Court's consideration of Plaintiffs' nondelegation argument, which Oregon has not raised; and potentially preclude Plaintiffs entirely from obtaining refunds. Defendants' purported concerns about efficiency are in any event moot, as Plaintiffs filed their Motion for Summary Judgment (on May 13, 2025) and

---

[1] Plaintiffs are Princess Awesome, LLC; Stonemaier, LLC; 300 Below, Inc.; Upward Glance, LLC d/b/a Quent Cordair Fine Art; KingSeal Corporation d/b/a Wesco Enterprises, Inc.; Mischief, LLC d/b/a Mischief Toy Store; Spielcraft Games, LLC; Rookie Mage Games, LLC; XYZ Game Labs, Inc.; Tinkerhouse, Inc.; and Reclamation Studio, LLC d/b/a WitsEnd Mosaic.

1

asked for expedited review. *See* ECF 10. And Plaintiffs are amenable to proceeding before the three-judge panel hearing the *Oregon* case and following the schedule set in that case, including appearing for the May 21, 2025, hearing. Therefore, the Court should deny Defendants' motion and resolve Plaintiffs' claims now.

## ARGUMENT

To obtain a stay, Defendants "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936); *see also Bldg. Sys. de Mexico, S.A. de C.V. v. United States*, 463 F. Supp. 3d 1344, 1348 (Ct. Int'l Trade 2020). Performing the balancing necessary to resolve a stay motion "requires examination of the court's '*paramount obligation to exercise jurisdiction timely* in cases properly before it.'" *Kaptan Demir Celik Endustrisi v. Ticaret A.S.*, 592 F. Supp. 3d 1332, 1336 (Ct. Int'l Trade 2022). This standard is satisfied only in "rare circumstances" because otherwise "a litigant in one cause [is] compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. This is not one of those "rare circumstances"—Defendants will suffer virtually no hardship and zero inequity by addressing Plaintiffs' case, while a stay would subject Plaintiffs to significant additional damage.

1. Defendants failed to meet their burden to demonstrate clear hardship or inequity if this case goes forward given the harm a stay would cause Plaintiffs. Defendants simply assert that because there is overlap in the claims between this case, *Oregon*, and *V.O.S. Selections, Inc. v. Trump*, No. 25-00066, a stay "would foster

the just, speedy, and inexpensive resolution of this case." Mot. at 3. In other words, Defendants ask the Court to ease their burden. But they have failed to demonstrate either hardship or inequity if Plaintiffs are allowed to proceed with their claims.

Indeed, when similar cases are pending before this Court, "the parties can easily raise the same argument without significant effort, and the court can examine the arguments again without significantly expending resources." *Kaptan*, 592 F. Supp. 3d at 1337. Likely for that reason, Defendants have not indicated they are seeking a stay of *V.O.S*. Moreover, the three cases Defendants cite are inapposite. All of them involve many more than four related suits; Defendants acknowledge that in two of those cases, the Court stayed "thousands" of cases in an effort to manage its docket. Mot. at 3 (citing *Tata Int'l Metals (Americas) Ltd. et al. v. United States*, Case No. 20-00019, ECF No. 14; *In re Section 301 Cases*, Case No. 21-00052; *In re: Procedures for Entering a Stay in New Section 301 Cases*, Admin. Order 21-02 (Apr. 28, 2021)). And in *Union Steel Mfg. Co. v. United States*, 896 F. Supp. 2d 1330, 1333 (Ct. Int'l Trade 2013), the stay was issued after this Court had issued a "largely, if not wholly, determinative" decision that was on appeal to the Federal Circuit. While a final decision may be a basis to issue a stay, *see Kaptan*, 592 F. Supp. 3d at 1337, the Court has not reached a final decision in any of the related cases pending before it.

2.   A stay would subject Plaintiffs to both hardship and inequity for four reasons: (1) they will suffer extensive delays in obtaining refunds for tariffs they have paid and relief from tariffs for their products that are soon arriving in the United

3

States; (2) the states in *Oregon* are not seeking refunds, risking their case being mooted; (3) *Oregon* does not include a non-delegation claim, which Plaintiffs are pressing; and (4) Defendants have not agreed to suspend liquidation of Plaintiffs' entries, risking the possibility that those tariffs will be ineligible for a refund even if held unlawful. These are significant harms that cannot be outweighed by Defendants' desire to defend one fewer case. *See Kaptan*, 592 F. Supp. 3d at 1337–39.

This is particularly true where there are other ways in which this Court can make the resolution of the four related cases more efficient, such as aligning briefing schedules to allow for simultaneous and prompt judgments and assigning the case to the same three-judge panel. CIT Rule 1, 42, 77(e)(2). Indeed, earlier today on May 13, 2025, Plaintiffs moved for summary judgment on all claims, aligning the briefing in this case with the summary judgment briefing in *Oregon*. Order, *Oregon*, No. 25-00077 (May 8, 2025). Plaintiffs also requested expedited consideration of this case and their summary judgment motion pursuant to CIT Rule 3(g). It would be especially inequitable to Plaintiffs, *not* Defendants, if Plaintiffs were denied the same expedited consideration of the merits of their claims that the Court granted the plaintiffs in *V.O.S.* and *Oregon*. Order, *V.O.S.*, No. 25-00066 (Apr. 22, 2025); Order, *Oregon*, No. 25-00077 (May 8, 2025).

With respect to Plaintiffs' harms, first, a stay would significantly delay *this* case in which multiple Plaintiffs seek refunds for tariffs already paid, and all Plaintiffs seek relief from tariffs to be applied to shipments in route to the United States. Compl. ¶¶ 26–31. Actual payment of the tariffs is the most concrete harm that

any Plaintiff in a tariff challenge could suffer. Indeed, adjudicating the validity of tariffs and providing for their refund is a core function of this Court. *See* 28 U.S.C. § 1581; *Nike, Inc. v. Rubber Mfrs. Ass'n*, 509 F. Supp. 912, 917 (S.D.N.Y. 1981) ("The legislative history of the Customs Court Act reveals a clear congressional intent that all matters relating to the appraisement and liquidation of duties be resolved in a single forum.").

"[W]hen a federal court has jurisdiction, it also has a virtually unflagging obligation to exercise that authority." *Mata v. Lynch*, 576 U.S. 143, 150 (2015) (cleaned up); *Kaptan*, 592 F. Supp. 3d at 1338 (CIT has "overarching duty to timely resolve disputes."). A stay would deny Plaintiffs the exclusive forum in which they can seek relief. 28 U.S.C. § 1581. And it could drag on for years while *Oregon* is litigated. *See Bldg. Sys. de Mexico*, 463 F. Supp. 3d at 1349 (length of other proceeding a factor in denying stay). For example, *In re Section 301 Cases*, No. 21-00052, to which Defendants cite, has been pending for years without a final resolution. Defendants' request for a "protracted stay" until there is a final, non-appealable order in *Oregon*, further weighs against granting their request. *Kaptan*, 592 F. Supp. 3d at 1339.

Second, during a stay, *Oregon* could become moot because the state plaintiffs seek only prospective relief, not refunds. Compl. at 35–36, *Oregon*, No. 25-00077 (Apr. 23, 2025). The risk that prospective relief here could be mooted is real given the frequency with which the tariffs are being changed. Just on Monday, May 12, 2025, the United States announced a temporary reduction in the IEEPA tariffs imposed on China. Executive Order, Modifying Reciprocal Tariff Rates to Reflect Discussions

with the People's Republic of China (May 12, 2025), https://tinyurl.com/8f2j5uty. If the tariffs are modified such that *Oregon* is mooted, a stay would leave Plaintiffs unfairly starting at square one with their own legal challenge to recover refunds for the unlawful tariffs they have paid. It is inequitable to force Plaintiffs to bear such a risk when the only benefit Defendants assert is marginal efficiency.[2]

Third, even if *Oregon* is litigated to a final judgment, some of Plaintiffs' claims would remain unresolved. This case includes a claim that IEEPA, even if it authorizes the imposition of the President's tariffs, is an unconstitutional transfer of legislative power to the President (*i.e.*, a violation of the non-delegation doctrine.) Compl. ¶¶ 90–100. This leaves open the possibility that if this case is stayed, *Oregon* could be resolved in favor of the government without the potentially winning non-delegation claim having been considered. In this situation, Plaintiffs again would be forced to start from square one with their non-delegation claim. Rather than avoid hardship and inequity for Defendants, a stay would create hardship and inequity only for Plaintiffs. Critically, staying this case in favor of a suit that would not fully resolve Plaintiffs' claims "would not meaningfully advance judicial economy." *Kaptan*, 592 F. Supp. 3d at 1338.[3]

Finally, the government's actions (and inaction) potentially threaten Plaintiffs' ability to recover refunds. In response to Plaintiffs' request, the government on

---

[2] A related issue is that the state plaintiffs in *Oregon*, as sovereign entities, have institutionally different interests than private businesses.

[3] The *V.O.S.* case does include a non-delegation claim, but as Defendants concede (Mot. at 2), *V.O.S.* challenges only some of the tariffs challenged by Plaintiffs in the above-captioned action.

May 1, 2025, informed Plaintiffs that the government would not agree to suspend liquidation of Plaintiffs' entries. The government represented that it does not intend to oppose the Court's authority to order reliquidation, but the government certainly knows of the ongoing uncertainty about the Court of International Trade's authority to enter such a reliquidation order. *See, e.g., Solar Energy Indus. Ass'n v. United States*, No. 20-03941, 2025 WL 1341888, at *3  (Ct. Int'l Trade May 8, 2025) ("An entry that has been liquidated generally cannot be reliquidated, even upon a later judicial determination that the liquidated rate was inaccurate or inconsistent with law."); *In re Sec. 301 Cases*, 524 F. Supp. 3d 1355, 1365–66 (Ct. Int'l Trade 2021) ("[D]espite the broad statutory language granting the Court authority to order whatever relief is appropriate, the Court of Appeals has consistently refrained from relying on that language in finding the CIT has authority to order reliquidation or refunds in 1581(i) cases and has raised doubts about the CIT's authority to do so."). Accordingly, on May 2, 2025, Plaintiffs' counsel asked the government whether it would agree to reliquidate their entries that include IEEPA-based tariffs if they are found to be unlawful in a final judgment. The government has not responded. Again, the quick resolution of this case is critical to, among other things, Plaintiffs' right to seek refunds for unlawfully imposed tariffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court DENY Defendants' Motion to Stay Proceedings. Further, since Plaintiffs have filed their Motion for Summary Judgment in line with the schedule set in the *Oregon* case, the Court should consider Plaintiffs' case simultaneously with *Oregon*. Plaintiffs are amenable to proceeding before the three-judge panel hearing the *Oregon* case, and Plaintiffs will otherwise adhere to the schedule in that case, including attending the May 21, 2025, hearing.

DATED: MAY 13, 2025.

                                                      Respectfully submitted,

                                                      */s/ Oliver J. Dunford*
                                                     OLIVER J. DUNFORD
                                                     Pacific Legal Foundation
                                                     4440 PGA Blvd., Suite 307
                                                     Palm Beach Gardens, FL 33410
                                                     (916) 503-9060
                                                     ODunford@pacificlegal.org

                                                     MOLLY E. NIXON
                                                     JOSHUA M. ROBBINS
                                                     ASHLEY TORKELSON LEVINE*
                                                            **Application Pending*
                                                     Pacific Legal Foundation
                                                     3100 Clarendon Boulevard, Suite 1000
                                                     Arlington, VA 22201
                                                     (202) 888-6881
                                                     MNixon@pacificlegal.org
                                                     JRobbins@pacificlegal.org
                                                     ALevine@pacificlegal.org

                                                     *Attorneys for Plaintiffs*
                                                     *Princess Awesome, LLC, et al.*

**CERTIFICATE OF COMPLIANCE**

Pursuant to U.S. Court of International Trade's Standard Chambers Procedures, undersigned counsel certifies this response to motion complies with the Court's type-volume limitation rules. This brief contains no more than 1,939 words. The response also complies with all typeface and margin requirements.

Respectfully submitted,

*/s/ Oliver J. Dunford*
OLIVER J. DUNFORD