UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE GARY S. KATZMANN, JUDGE
         THE HONORABLE TIMOTHY M. REIF, JUDGE
         THE HONORABLE JANE A. RESTANI, JUDGE

|  |  |
|---|---|
| PRINCESS AWESOME, LLC; STONEMAIER, LLC; 300 BELOW, INC.; UPWARD GLANCE, LLC d/b/a QUENT CORDAIR FINE ART; KINGSEAL CORPORATION D/B/A WESCO ENTERPRISES, INC.; MISCHIEF, LLC d/b/a MISCHIEF TOY STORE; SPIELCRAFT GAMES, LLC; ROOKIE MAGE GAMES, LLC; XYZ GAME LABS, INC.; TINKERHOUSE, INC.; RECLAMATION STUDIO, LLC d/b/a WITSEND MOSAIC, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES CUSTOMS AND BORDER PROTECTION; PETE R. FLORES, Acting Commissioner for U.S. Customs and Border Protection; DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary of the Department of Homeland Security; UNITED STATES INTERNATIONAL TRADE COMMISSION; DONALD J. TRUMP, President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; and the UNITED STATES OF AMERICA, <br><br> Defendants. | Court No. 25-00078 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Rule 56.3 of the Rules of this Court, defendants respond to plaintiffs' Rule 56.3 statement of undisputed material facts as follows:

## PRELIMINARY STATEMENT

Rule 56.3 is titled "Annexation of Statement to Rule 56 Motion for Summary Judgment," and subsection (b) states that "[i]n the papers opposing a Rule 56 motion for summary judgment, the factual positions described in Rule 56(c)(1)(B) must include correspondingly numbered paragraphs responding to the numbered paragraphs in the statement of the movant, and if necessary, additional paragraphs including a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried."

Plaintiffs did not include a Rule 56.3 statement in their original summary judgment motion, instead stating that "there are no material facts in dispute regarding these purely legal claims[.]" Mot. 2, ECF No. 10. However, the Court directed plaintiffs to refile their motion "in a form that complies with [ ] Rule 56.3." ECF No. 13. We agree with plaintiffs' position that the issues in this case that are subject to judicial review are "purely legal," such that defendants' response to plaintiff's Rule 56.3 statement would not be relevant to this Court's review.

Because plaintiffs ask the Court to review the President's Executive Orders, the standard before the Court is whether "there has [been] a clear misconstruction of the governing statute, a significant procedural violation, or action outside delegated authority." *Maple Leaf Fish Co. v. United States*, 762 F.2d 86, 89-90 (Fed. Cir. 1984); *see also* Compl., ECF 2, Count I (alleging the President acted outside his authority). "[F]indings of fact and the motivations for [the President's] actions are not subject to review." *Maple Leaf*, 762 F.2d at 89-90 (quoting *Florsheim Shoe Co. v. United States,* 744 F.2d 787, 793, 795 (Fed. Cir. 1984)).

Defendants submit a list of responses below, enumerating their objections. Insofar as plaintiffs included facts related to their alleged injuries, defendants include substantive responses

2

where appropriate because the Court's standard of review contemplates factual decisions about threshold questions like jurisdiction and harm.

## RESPONSES

1. Admit to the extent supported by the Policy Memorandum cited.

2. Admit to the extent supported by the Policy Memorandum cited.

3. Admit to the extent supported by the Executive Order cited.

4. Admit to the extent supported by the Executive Order cited.

5. No response is required because "findings of fact and the motivations for [the President's] actions are not subject to review." *Maple Leaf*, 762 F.2d at 89-90. If a response is required, admit to the extent supported by the Executive Order cited.

6. Admit to the extent supported by the Executive Order cited.

7. No response is required because "findings of fact and the motivations for [the President's] actions are not subject to review." *Maple Leaf*, 762 F.2d at 89-90. If a response is required, admit to the extent supported by the Executive Order cited; aver that this paragraph does not state a material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); 50 U.S.C. § 1701(a) (the President, not plaintiffs determines whether a national emergency exists).

8. No response is required because "findings of fact and the motivations for [the President's] actions are not subject to review." *Maple Leaf*, 762 F.2d at 89-90. If a response is required, admit to the extent supported by the Executive Order cited.

9. Admit to the extent supported by the Executive Order cited; aver that this paragraph does not state a material fact. *See Anderson*, 477 U.S. at 248; 50 U.S.C. §1702(b) (the President, not plaintiffs, determines what methods to deploy to deal with an emergency).

10. Admit to the extent supported by the Notice cited; aver that this paragraph does

3

not state a material fact. *See Anderson*, 477 U.S. at 248.

11. Admit to the extent supported by the Executive Order cited; aver that this paragraph does not state a material fact. *See Anderson*, 477 U.S. at 248.

12. Admit to the extent supported by the Notice cited; aver that this paragraph does not state a material fact. *See Anderson*, 477 U.S. at 248.

13. Admit to the extent supported by the Policy Memorandum cited.

14. No response is required because "findings of fact and the motivations for [the President's] actions are not subject to review." *Maple Leaf*, 762 F.2d at 89-90. If a response is required, admit to the extent supported by the Policy Memorandum cited.

15. No response is required because "findings of fact and the motivations for [the President's] actions are not subject to review." *Maple Leaf*, 762 F.2d at 89-90. If a response is required, admit to the extent supported by the Policy Memorandum cited.

16. No response is required because "findings of fact and the motivations for [the President's] actions are not subject to review." *Maple Leaf*, 762 F.2d at 89-90. If a response is required, admit to the extent supported by the Policy Memorandum cited.

17. Admit to the extent supported by the Policy Memorandum cited.

18. Admit to the extent supported by the Policy Memorandum cited.

19. Admit to the extent supported by the Policy Memorandum cited.

20. No response is required because "findings of fact and the motivations for [the President's] actions are not subject to review." *Maple Leaf*, 762 F.2d at 89-90. If a response is required, admit to the extent supported by the Executive Order cited.

21. Admit to the extent supported by the Notice cited; aver that this paragraph does not state a material fact. *See Anderson*, 477 U.S. at 248.

22. Admit to the extent supported by the Executive Order cited.

23. No response is required because "findings of fact and the motivations for [the President's] actions are not subject to review." *Maple Leaf*, 762 F.2d at 89-90. If a response is required, admit to the extent supported by the Executive Order cited.

24. No response is required because "findings of fact and the motivations for [the President's] actions are not subject to review." *Maple Leaf*, 762 F.2d at 89-90. If a response is required, admit to the extent supported by the Executive Order cited.

25. No response is required because "findings of fact and the motivations for [the President's] actions are not subject to review." *Maple Leaf*, 762 F.2d at 89-90. If a response is required, admit to the extent supported by the Executive Order cited.

26. No response is required because "findings of fact and the motivations for [the President's] actions are not subject to review." *Maple Leaf*, 762 F.2d at 89-90. If a response is required, admit to the extent supported by the Executive Order cited.

27. Admit that the Executive Order states that "underlying conditions" constitute an "unusual and extraordinary threat to the national security and economy of the United States" and declares a national emergency. No response to the remainder of this paragraph is required because "findings of fact and the motivations for [the President's] actions are not subject to review." *Maple Leaf*, 762 F.2d at 89-90. If a response is required, the remainder of this paragraph constitutes plaintiffs' characterization of their case.

28. Admit to the extent supported by the Executive Order cited.

29. Admit to the extent supported by the Executive Order cited.

30. Admit to the extent supported by the Executive Order cited.

31. Admit to the extent supported by the Executive Order cited.

32. Admit to the extent supported by the Executive Order cited.

33. Admit to the extent supported by the Executive Order cited.

34. Admit to the extent supported by the Executive Order cited; aver that this paragraph does not state a material fact. *See Anderson*, 477 U.S. at 248.

35. Admit to the extent supported by the Executive Order cited.

36. Admit to the extent supported by the Executive Order cited; aver that this paragraph does not state a material fact. *See Anderson*, 477 U.S. at 248.

37. Admit to the extent supported by the Executive Order cited.

38. Admit to the extent supported by the Executive Order cited.

39. Admit to the extent supported by the Executive Order cited.

40. Admit to the extent supported by the Executive Order cited; aver that this paragraph does not state a material fact. *See Anderson*, 477 U.S. at 248.

41. Admit to the extent supported by the statement cited; aver that this paragraph does not state a material fact. *See Anderson*, 477 U.S. at 248.

42. Admit to the extent supported by the statement cited.

43. Admit to the extent supported by the Executive Order cited.

44. Admit to the extent supported by the Executive Order cited.

45. Admit to the extent supported by the Executive Order cited; aver that this paragraph does not state a material fact. *See Anderson*, 477 U.S. at 248.

46. No response is required because "findings of fact and the motivations for [the President's] actions are not subject to review." *Maple Leaf*, 762 F.2d at 89-90. If a response is required, this paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248.

47.     This paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case.  *See Anderson*, 477 U.S. at 248.

48.     This paragraph does not state a material fact.  *See Anderson*, 477 U.S. at 248.

49.     At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph.  Notwithstanding, admit that the statements in this paragraph appear in the Melsky declaration.

50.     Admit that the statements in this paragraph appear to be supported by the Melsky declaration.

51.     At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph.  Notwithstanding, admit that the statements in this paragraph appear in the Melsky declaration.

52.     At this stage of the proceeding, defendants have no independent information upon which to admit or deny this statement.  Notwithstanding, admit that the statements in this paragraph appear in the Melsky declaration.

53.     This paragraph constitutes plaintiffs' characterization of their case.  *See Anderson*, 477 U.S. at 248.  Notwithstanding, admit that the statements in this paragraph appear in the Melsky declaration.

54.     At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph.  Notwithstanding, admit that the statements in this paragraph appear in the Melsky declaration.

55.     At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph.  Notwithstanding, admit that the statements in this paragraph appear in the Melsky declaration.

56. This paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the statements in this paragraph appear in the Melsky declaration.

57. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Stegmaier declaration.

58. Admit that the statements in this paragraph appear to be supported by the Stegmaier declaration.

59. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Stegmaier declaration.

60. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Stegmaier declaration.

61. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Stegmaier declaration.

62. This paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the statements in this paragraph appear in the Stegmaier declaration.

63. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Stegmaier declaration; aver that the statements appear

in paragraph 13 of the declaration, rather than paragraph 3.

64. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Stegmaier declaration.

65. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Stegmaier declaration.

66. This paragraph does not state a material fact, as it describes plaintiff's activity as a seller rather than an importer, and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the statements in this paragraph appear in the Stegmaier declaration.

67. This paragraph does not state a material fact, as it describes plaintiff's activity as a seller rather than an importer, and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the statements in this paragraph appear in the Stegmaier declaration.

68. This paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the statements in this paragraph appear in the Stegmaier declaration.

69. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Paulin declaration; aver that the statements appear in paragraph 3, rather than paragraph 5.

70. Deny that 300 Below "regularly" imports goods from China; aver that, based on

information from U.S. Customs and Border Protection, it appears that 300 Below has not made an entry as an importer since 2020.

71. Admit that the statements in this paragraph appear to be supported by the Paulin declaration.

72. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Paulin declaration.

73. Deny, for the reasons stated in the response to paragraph 70, that 300 Below "regularly" imports goods from China. For the remainder of this paragraph, at this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Paulin declaration.

74. This paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the statements in this paragraph appear in the Paulin declaration.

75. This paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the statements in this paragraph appear in the Paulin declaration.

76. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Cordair declaration.

77. This paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the

statements in this paragraph appear in the Cordair declaration.

78. This paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the statements in this paragraph appear in the Cordair declaration.

79. This paragraph does not state a material fact, as it describes plaintiff's activity as a seller rather than an importer, and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the statements in this paragraph appear in the Cordair declaration.

80. This paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the statements in this paragraph appear in the Cordair declaration.

81. This paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the statements in this paragraph appear in the Cordair declaration.

82. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Song declaration; aver that the statements appear in paragraph 2, rather than paragraph 5.

83. Admit that the statements in this paragraph appear to be supported by the Song declaration.

84. Admit that the statements in this paragraph appear to be supported by the Song declaration.

85. Admit that the statements in this paragraph appear to be supported by the Song

declaration.

86. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Song declaration.

87. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Song declaration.

88. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Song declaration.

89. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Marshall declaration.

90. This paragraph does not state a material fact, as it describes plaintiff's activity as a purchaser rather than an importer, and purchasers do not have standing. *See Anderson*, 477 U.S. at 248; *Totes-Isotoner Corp. v. United States*, 594 F.3d 1346, 1352 (Fed. Cir. 2010) ("purchasers have no remedy to challenge [a] tariff classification").

91. This paragraph does not state a material fact, as it describes plaintiff's activity as a purchaser rather than an importer, and purchasers do not have standing. *See Anderson*, 477 U.S. at 248; *Totes-Isotoner*, 594 F.3d at 1352

92. This paragraph does not state a material fact, as it describes plaintiff's activity as a purchaser rather than an importer, and purchasers do not have standing; it also constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248; *Totes-Isotoner*, 594

F.3d at 1352.

93. This paragraph does not state a material fact, as it describes plaintiff's activity as a purchaser rather than an importer, and purchasers do not have standing; it also constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248; *Totes-Isotoner*, 594 F.3d at 1352.

94. This paragraph does not state a material fact, as it describes plaintiff's activity as a purchaser rather than an importer, and purchasers do not have standing; it also constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248; *Totes-Isotoner*, 594 F.3d at 1352.

95. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Wolf declaration.

96. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Wolf declaration.

97. Admit that the statements in this paragraph appear to be supported by the Wolf declaration.

98. Admit that the statements in this paragraph appear to be supported by the Wolf declaration.

99. Admit that the statements in this paragraph appear to be supported by the Wolf declaration.

100. This paragraph does not state a material fact, as it describes plaintiff's activity as a seller rather than an importer, and instead constitutes plaintiffs' characterization of their case.

*See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the statements in this paragraph appear in the Wolf declaration.

101. This paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the statements in this paragraph appear in the Wolf declaration.

102. This paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the statements in this paragraph appear in the Wolf declaration.

103. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the McLaughlin declaration.

104. Admit that the statements in this paragraph appear to be supported by the McLaughlin declaration.

105. This paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the statements in this paragraph appear in the McLaughlin declaration.

106. This paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the statements in this paragraph appear in the McLaughlin declaration.

107. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Marshall declaration.

108. At this stage of the proceeding, defendants have no independent information upon

which to admit or deny the statements in this paragraph.  Notwithstanding, admit that the statements in this paragraph appear in the Marshall declaration; aver that, based on information from U.S. Customs and Border Protection, Tinkerhouse has not only made one entry as an importer, in 2022.

109. Admit that the statements in this paragraph appear to be supported by the Marshall declaration.

110. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph.  Notwithstanding, admit that the statements in this paragraph appear in the Marshall declaration.

111. This paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case.  *See Anderson*, 477 U.S. at 248.  Notwithstanding, admit that the statements in this paragraph appear in the Marshall declaration.

112. This paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case.  *See Anderson*, 477 U.S. at 248.  Notwithstanding, admit that the statements in this paragraph appear in the Marshall declaration.

113. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph.  Notwithstanding, admit that the statements in this paragraph appear in the Wozniak declaration.

114. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph.  Notwithstanding, admit that the statements in this paragraph appear in the Wozniak declaration.

115. At this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph.  Notwithstanding, admit that the

statements in this paragraph appear in the Wozniak declaration.

116. Admits that the statements in the first two sentences of this paragraph appear to be supported by the Wozniak declaration. For the remainder of this paragraph, at this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Wozniak declaration.

117. Admits that the statements in the first two sentences of this paragraph appear to be supported by the Wozniak declaration. For the remainder of this paragraph, at this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Wozniak declaration.

118. Admits that the statements in the third sentence of this paragraph appear to be supported by the Wozniak declaration. For the remainder of this paragraph, at this stage of the proceeding, defendants have no independent information upon which to admit or deny the statements in this paragraph. Notwithstanding, admit that the statements in this paragraph appear in the Wozniak declaration.

119. This paragraph does not state a material fact and instead constitutes plaintiffs' characterization of their case. *See Anderson*, 477 U.S. at 248. Notwithstanding, admit that the statements in this paragraph appear in the Wozniak declaration.

DATED: May 23, 2025                                       Respectfully submitted,

OF COUNSEL:                                               YAAKOV M. ROTH
                                                          Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

STEPHEN M. ELLIOTT
Assistant Director
U.S. Department of Justice
Civil Division
Federal Programs Branch

ERIC J. HAMILTON
Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Deputy Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Sosun Bae
SOSUN BAE
Senior Trial Counsel
LUKE MATHERS
CATHERINE M. YANG
BLAKE W. COWMAN
COLLIN T. MATHIAS
Trial Attorneys
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044
(202) 305-7568
sosun.bae@usdoj.gov

*Attorneys for Defendants*