UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PRINCESS AWESOME, LLC; STONEMAIER, LLC; 300 BELOW, INC.; UPWARD GLANCE, LLC d/b/a QUENT CORDAIR FINE ART; KINGSEAL CORPORATION D/B/A WESCO ENTERPRISES, INC.; MISCHIEF, LLC d/b/a MISCHIEF TOY STORE; SPIELCRAFT GAMES, LLC; ROOKIE MAGE GAMES, LLC; XYZ GAME LABS, INC.; TINKERHOUSE, INC.; RECLAMATION STUDIO, LLC d/b/a WITSEND MOSAIC,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION; PETE R. FLORES, Acting Commissioner for U.S. Customs and Border Protection; DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary of the Department of Homeland Security; UNITED STATES INTERNATIONAL TRADE COMMISSION; DONALD J. TRUMP, President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; and the UNITED STATES OF AMERICA,<br><br>    Defendants. | Court No. 25-00078 |

**ORDER**

Pursuant to defendants' renewed motion to stay proceedings, it is hereby

ORDERED that this case is stayed pending a final, unappealable decision in *V.O.S. Selections, Inc. et al. v. United States et al.*, Case No. 25-00066 (Ct. Int'l Trade), Appeal No. 2025-1812 (Fed. Cir.), and *The State of Oregon et al. v. United States Department of Homeland Security et al.*, Case No. 25-00077 (Ct. Int'l Trade), Appeal No. 2025-1813 (Fed. Cir.); and it is further

ORDERED that the parties shall file a joint status report within 60 days of the final resolution of *V.O.S.* and *Oregon*.

Dated: _____  _____
 New York, NY  JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PRINCESS AWESOME, LLC; STONEMAIER, LLC; 300 BELOW, INC.; UPWARD GLANCE, LLC d/b/a QUENT CORDAIR FINE ART; KINGSEAL CORPORATION D/B/A WESCO ENTERPRISES, INC.; MISCHIEF, LLC d/b/a MISCHIEF TOY STORE; SPIELCRAFT GAMES, LLC; ROOKIE MAGE GAMES, LLC; XYZ GAME LABS, INC.; TINKERHOUSE, INC.; RECLAMATION STUDIO, LLC d/b/a WITSEND MOSAIC, <br><br>    Plaintiffs, <br><br>    v. <br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION; PETE R. FLORES, Acting Commissioner for U.S. Customs and Border Protection; DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary of the Department of Homeland Security; UNITED STATES INTERNATIONAL TRADE COMMISSION; DONALD J. TRUMP, President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; and the UNITED STATES OF AMERICA, <br><br>    Defendants. | Court No. 25-00078 |

**RENEWED MOTION TO STAY PROCEEDINGS**

Pursuant to Rules 1 and 7 of the Rules of the Court, defendants respectfully request that the Court stay this case until 60 days after there is a final, unappealable decision in *V.O.S. Selections, Inc. et al. v. United States et al.*, Case No. 25-00066 (Ct. Int'l Trade), Appeal No. 2025-1812 (Fed. Cir.), and *The State of Oregon et al. v. United States Department of Homeland Security et al.*, Case No. 25-00077 (Ct. Int'l Trade), Appeal No. 2025-1813 (Fed. Cir.). A stay of proceedings is warranted because an appellate ruling would be binding on plaintiffs' claims in

this Court, and the interests of judicial economy and conservation of resources would be served by not having to file and litigate an appeal of the Court's judgment in this case, in addition to *V.O.S.* and *Oregon*—cases already on appeal to the Federal Circuit that involve the same issues raised by plaintiffs here. At a minimum, defendants request that the Court stay proceedings in this case until the Federal Circuit rules on the Government's motion to stay injunctive relief pending appeal. Counsel for plaintiffs, Molly Nixon, represented her opposition to this request on May 29, 2025.

## BACKGROUND

Plaintiffs, several importers, filed a complaint in this Court on April 24, 2025, challenging the President's invocation of the International Emergency Economic Powers Act (IEEPA) to impose tariffs on imports in response to reciprocal trade barriers and the flow of illicit drugs like fentanyl across through the nation's borders. Compl., ECF No. 4. On May 12, 2025, defendants moved to stay proceedings pending a final, unappealable decision in *Oregon*. ECF No. 9. On May 13, 2025, the Court denied the motion *without prejudice to renewal* and ordered the parties to complete summary judgment briefing. ECF No. 13.

Prior to plaintiffs' filing of their complaint, two suits were also filed in this Court challenging the President's imposition of tariffs under IEEPA—*V.O.S.* and *Oregon*. Those plaintiffs collectively argued that Executive Orders 14,257, 14,193, 14,194, 14,195, and other amending orders, are unlawful. *V.O.S.*, Compl., ECF No. 2; *Oregon*, Compl., ECF No. 2.

The *V.O.S.* plaintiffs filed an omnibus motion for a temporary restraining order, preliminary injunction, and summary judgment. On May 6, 2025, the parties completed briefing on the motion. *V.O.S.*, ECF No. 47. The Court held a hearing on May 13, 2025. *V.O.S.*, ECF No. 50. The *Oregon* plaintiffs, meanwhile, filed a motion for a preliminary injunction, which the

Court construed as a motion for summary judgment. *Oregon*, ECF Nos. 14, 15, and 18. On May 20, 2025, the parties completed briefing on the motion. *Oregon*, ECF No. 47. The Court held a hearing on May 21, 2025. *Oregon*, ECF No. 59.

On May 28, 2025, the Court granted judgment in favor of plaintiffs, holding invalid as contrary to law Executive Orders 14,193, 14,194, 14,195, 14,257, and all modifications and amendments thereto. Slip Op. 25-66; *V.O.S.*, ECF Nos. 55, 56; *Oregon*, ECF Nos. 65, 66. In a single decision addressing both *V.O.S.* and *Oregon*, the Court held that IEEPA does not authorize the tariffs first imposed by Executive Order 14,257, and that the opioid-related tariffs do not deal with the declared threats. *Id.* at 48. The accompanying judgments further enjoined the operation of the Executive Orders on a nationwide basis. *V.O.S.*, ECF No. 56; *Oregon*, ECF No. 66.

Subsequent to judgment, defendants filed notices of appeal with the Federal Circuit and motions to stay injunctive relief pending appeal in both this Court and the Federal Circuit. On May 29, 2025, the Federal Circuit consolidated the *V.O.S.* and *Oregon* appeals and temporarily stayed injunctive relief to allow it to further consider the Government's motion to stay injunctive relief pending appeal. *V.O.S.* Appeal, ECF No. 7.

## ARGUMENT

This Court possesses inherent power to stay one action pending the resolution of another which, "even if it should not dispose of all the questions involved, would certainly narrow the issues in the pending cas[e] and assist in the determination of the questions of law involved." *Landis v. N. Am. Co.*, 299 U.S. 248, 253-54 (1936). Although the Court may weigh a variety of factors when considering whether to grant a stay of proceedings in a case, the basis for a stay is especially strong when it would "simplif[y] the 'issues, proof, and questions of law, which could be expected to result from a stay.'" *Unionbancal Corp. & Subsidiaries v. United States*, 93 Fed.

Cl. 166, 167 (2010) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). In particular, when an appellate ruling on a legal issue is likely to have binding effect in another pending case, the reason for a stay of proceedings is "at least a good one, if not an excellent one." *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist*, 559 F.3d 1191, 1196 (11th Cir. 2009).

Decisions concerning when and how to stay further proceedings in a case rest "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F. 3d 1413, 1416 (Fed. Cir. 1997) (citations omitted); *Giorgio Foods, Inc. v. United States*, 37 C.I.T. 152, 154 (Ct. Int'l Trade 2013) ("A stay is granted at the court's discretion and must take into consideration the interests of judicial economy and efficiency") (citing *Landis v. North Am. Co.*, 299 U.S. 248, 257 (1936)). In exercising that discretion, the court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55; *see also Union Steel Mfg. Co. v. United States*, 896 F. Supp. 2d 1330, 1333–34 (Ct. Int'l Trade 2013) (listing U.S. Court of International Trade decisions evaluating motions to stay proceedings).

A stay of further proceedings is clearly warranted in this case. Plaintiffs' complaint raises issues identical to those addressed in *Oregon* and *V.O.S.*—cases which are already on consolidated appeal to the Federal Circuit. As a result, any final decision in *V.O.S.* and *Oregon* would be binding, controlling the disposition of this matter. A stay of proceedings would thus "promote the interests of judicial economy and conserve the resources of the parties as well as the court." *Union Steel Mfg. Co. v. United States*, 896 F. Supp. 2d 1330, 1336 (Ct. Int'l Trade 2013). It would be manifestly inefficient and a waste of resources for the Court to decline to stay and instead issue a decision in this case[1]—which would then require the parties to brief a motion

---

[1] For purposes of this motion, we presume that the Court would grant judgment in favor

4

to stay injunctive relief pending appeal and defendants to move forward with appellate proceedings—when there is already a consolidated case on appeal *which will fully resolve the issues in this case*. *See Diamond Sawblades Mfrs' Coal. v. United States*, 34 CIT 404, 407 (Ct. Int'l Trade 2010) (continuing a stay of proceedings where "the court and each of the litigants . . . risk expending substantial resources on litigation that may ultimately prove to be irrelevant" due to a pending Federal Circuit appeal in another case).

Indeed, this Court frequently stays proceedings in situations where there is a pending appeal before the Federal Circuit that is likely to resolve the disposition of a plaintiff's claims. *See*, *e.g.*, *RHI Refractories Liaoning Co. v. United States*, 774 F. Supp. 2d 1280, 1284–85 (Ct. Int'l Trade 2011) (granting stay pending resolution of important question of law before the Federal Circuit, noting "the delay will not continue for an indefinite period" and stay will "promote judicial economy and preserve the resources of the parties and the court"); *NTN Bearing Corp. of Am. v. United States*, 36 CIT 846, 848 (Ct. Int'l Trade 2012) (granting stay pending litigation before the Federal Circuit that is "likely to affect the disposition of plaintiffs' claim," finding stay will "serve the interest of judicial economy and conserve the resources of the parties"); *Deacero S.A.P.I. de C.V. v. United States*, 2015 WL 4909618, at *4, *9 (Ct. Int'l Trade 2015) (granting stay because it "promotes judicial economy" and the case "will not go forward if the Federal Circuit affirms").

A stay of proceedings would also be consistent with how this Court handled the cases challenging tariffs imposed under Section 232 of the Trade Expansion Act of 1962 and Section 301 of Trade Act of 1974. *See, e.g.*, *Tata International Metals (Americas) Ltd. et al. v. United States*, Case No. 20-00019, ECF No. 14 (staying individual case until final resolution of

of plaintiffs, as it did in *V.O.S.* and *Oregon*.

*Transpacific Steel LLC v. United States*, Case No. 19-00009); *In re Section 301 Cases*, Case No. 21-00052; *In re: Procedures for Entering a Stay in New Section 301 Cases*, Administrative Order 21-02 (Apr. 28, 2021) (staying thousands of cases until lead case resolved identical legal challenge to Presidential action).

Plaintiffs can point to no fair possibility of damage or hardship from a stay of proceedings. In opposing defendants' original motion to stay these proceedings, plaintiffs argued that: "(1) they will suffer extensive delays in obtaining refunds for tariffs they have paid and relief from tariffs for their products that are soon arriving in the United States; (2) the states in Oregon are not seeking refunds, risking their case being mooted; (3) Oregon does not include a non-delegation claim, which Plaintiffs are pressing; and (4) Defendants have not agreed to suspend liquidation of Plaintiffs' entries, risking the possibility that those tariffs will be ineligible for a refund even if held unlawful." Pls. Opp. at 3-4, ECF No. 11. But plaintiffs cannot reasonably claim that these concerns still exist, much less that they merit the denial of a stay of proceedings giving the pending consolidated appeal, which—again—will fully dispose of this case.

First, the parties have filed a joint stipulation with this Court, in which defendants have stipulated to the Court's authority to order reliquidation. ECF No. 17. Second, the *V.O.S.* plaintiffs have pursued a nondelegation argument, and the requested stay hinges on a final resolution in both *V.O.S.* and *Oregon*, which are currently consolidated for appeal. Third, that the *Oregon* plaintiffs have not pursued refunds is of no matter, given that defendants have stipulated to the availability of reliquidation—*i.e.*, refunds—should plaintiffs ultimately prevail. Indeed, the *V.O.S.* plaintiffs, similar to plaintiffs here, requested that the Court "[a]ward Plaintiffs damages in the amount of any tariffs collected by Defendants pursuant to the

challenged orders." *V.O.S.* Compl. Prayer for Relief. And defendants in that case, as here, represented that they would not oppose the Court's authority to order reliquidation.[2] *V.O.S.* TRO Resp. at 16, ECF No. 12.

For these reasons, we respectfully request that the Court stay this case until 60 days after a final, non-appealable decision in *V.O.S.* and *Oregon*.

DATED: May 30, 2025

OF COUNSEL:

ALEXANDER K. HAAS
Director

STEPHEN M. ELLIOTT
Assistant Director
U.S. Department of Justice
Civil Division
Federal Programs Branch

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Deputy Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Sosun Bae
SOSUN BAE
Senior Trial Counsel
LUKE MATHERS
CATHERINE M. YANG

---

[2] Plaintiffs' argument that a stay would cause them to suffer delays in obtaining refunds and relief from tariffs fares no better, given that the maximum amount of delay to which they would be subject is 60 days—the time we have requested to continue the stay beyond final resolution of *V.O.S.* and *Oregon*. If any judicial body stays injunctive relief pending appeal in *V.O.S.* and *Oregon*, plaintiffs' relief will necessarily be stayed as well (and plaintiffs cannot demonstrate a reasonable likelihood that any request to stay injunctive relief in *their* case would come out differently). If injunctive relief is not stayed, then plaintiffs will obtain relief, along with the other parties.

7

BLAKE W. COWMAN
COLLIN T. MATHIAS
Trial Attorneys
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044
(202) 305-7568
sosun.bae@usdoj.gov

*Attorneys for Defendants*