## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **PRINCESS AWESOME, LLC**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES CUSTOMS AND BORDER PROTECTION**, et al., <br><br> Defendants. | COURT NO. 25-00078 |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED MOTION TO STAY PROCEEDINGS

Plaintiffs—eleven small businesses suffering ongoing and irreparable injury caused by the President's unilaterally imposed tariffs[1]—oppose Defendants' Renewed Motion to Stay Proceedings. The Court denied Defendants' original motion to stay and granted Plaintiffs' motion to expedite consideration of this case. To that end, Plaintiffs' motion for summary judgment is fully briefed and ripe for immediate resolution. Moreover, this court has already declared the International Emergency Economic Protection Act (IEEPA) tariffs challenged by Plaintiffs to be unlawful and universally enjoined their enforcement. *V.O.S. Selections, Inc. v. Trump*, No. 25-00066 (Ct. Int'l Trade May 28, 2025), appeal filed May 28, 2025. The appeal of that order has been pending for only two days. *V.O.S. Selections, Inc. v. Trump*, Nos. 25-1812, 25-1813 (Fed. Cir.).

---

[1] Plaintiffs are Princess Awesome, LLC; Stonemaier, LLC; 300 Below, Inc.; Upward Glance, LLC d/b/a Quent Cordair Fine Art; KingSeal Corporation d/b/a Wesco Enterprises, Inc.; Mischief, LLC d/b/a Mischief Toy Store; Spielcraft Games, LLC; Rookie Mage Games, LLC; XYZ Game Labs, Inc.; Tinkerhouse, Inc.; and Reclamation Studio, LLC d/b/a WitsEnd Mosaic.

Defendants claim they are entitled to a stay at this late hour because they will be harmed by potentially having to file additional briefing to stay this Court's order and to deal with an additional case in an already consolidated appeal. But this is no harm at all. On the other hand, freezing this case now would seriously prejudice Plaintiffs after briefing was completed, and with a judgment already effectively in their favor. Plaintiffs would be denied relief, including their requested refunds, *and* the ability to defend their interests in the just-filed appeal. Plaintiffs respectfully ask the Court to deny Defendants' new request, enter judgment expeditiously, and allow Plaintiffs to participate in the appeal from this Court's order.

## BACKGROUND

This case is one of three lawsuits, filed all but simultaneously in this Court, challenging the President's imposition of tariffs under the purported authority of IEEPA. In *V.O.S. Selections, Inc. v. Trump*, No. 25-00066, the plaintiffs filed their complaint on April 14, 2025 (*V.O.S.* Dkt. 2), moved for a temporary restraining order, preliminary injunction, and summary judgment on April 18, 2025 (*V.O.S.* Dkt. 10) and argued their motion for summary judgment on May 13, 2025 (*V.O.S.* Dkt. 50). In *Oregon v. Trump*, No. 25-00077, the state plaintiffs filed their complaint on April 23, 2025 (*Oregon* Dkt. 2), moved for a preliminary injunction on May 7, 2025 (*Oregon* Dkt. 14), submitted supplemental summary judgment briefing on May 13, 2025 (*Oregon* Dkt. 32), and argued their motion for summary judgment on May 21, 2025 (*Oregon* Dkt. 59). On May 28, 2025, two days ago, this Court entered judgment in both cases, holding the President's tariff Executive Orders to be unlawful, and enjoining them. *V.O.S. Selections, Inc. v. United States*, --- F.Supp.3d ---, 2025 WL 1514124 (Ct.

Int'l Trade May 28, 2025). Defendants appealed the same day, the Federal Circuit consolidated the cases, and briefing on Defendants' motion for an injunction pending appeal is scheduled to be complete on June 9, 2025. *V.O.S. Selections*, Nos. 25-1812, 25-1813.

This case moved on a very similar timeline. Plaintiffs filed their complaint on April 24, 2025, only a day after the *Oregon* plaintiffs. ECF. No. 4. Plaintiffs moved for summary judgment and expedited consideration on May 13, 2025 (ECF. No. 10)—the same day the *Oregon* plaintiffs filed their supplemental brief on summary judgment. This Court swiftly denied Defendants' original motion to stay, granted Plaintiffs' motion for expedited consideration of this case, and ordered briefing completed by today (May 30). *See* May 15, 2025 Paperless Order. After the Court entered its May 28 order in *V.O.S.* and *Oregon*, Plaintiffs filed their reply brief a day early on May 29, 2025. ECF No. 18. As such, Plaintiffs' summary judgment motion is fully briefed and ready for entry of expedited judgment.

## ARGUMENT

To obtain a stay, Defendants "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936); *see also Bldg. Sys. de Mexico, S.A. de C.V. v. United States*, 463 F. Supp. 3d 1344, 1348 (Ct. Int'l Trade 2020). Performing the balancing necessary to resolve a stay motion "requires examination of the court's '*paramount obligation to exercise jurisdiction timely* in cases properly before it.'" *Kaptan Demir Celik Endustrisi v. Ticaret A.S.*, 592 F. Supp. 3d 1332, 1336 (Ct. Int'l Trade 2022) (citation omitted). This

standard is satisfied only in "rare circumstances" because otherwise "a litigant in one cause [is] compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. This is not one of those "rare circumstances"—Defendants will suffer virtually no hardship and zero inequity if this Court issues expedited judgment and allows Plaintiffs to protect their interests on appeal.[2]

    1.    Defendants failed to meet their burden to demonstrate clear hardship or inequity if this case goes forward given the harm a stay would cause Plaintiffs. The only harm Defendants identify is that they would be required "to brief a motion to stay injunctive relief pending appeal and . . . move forward with appellate proceedings—when there is already a consolidated case on appeal . . . ." Mot. at 4–5. But additional briefing, *if* this case is not consolidated with the newly pending appeal, does not rise to the level of hardship for purposes of a stay. As this court has already held, "the parties can easily raise the same arguments without significant effort, and the court can examine the arguments again without significantly expending resources . . . ." *Kaptan*, 592 F. Supp. 3d at 1337. Indeed, neither additional briefing, nor even additional litigation in general, rises to the level of hardship to justify a stay.

---

[2] Similar to Defendants (Mot. at 4 n.1), Plaintiffs presume for purposes of Defendants' Motion to Stay that the Court would enter judgment in Plaintiffs' favor and, further, that the Federal Circuit would consolidate the appeal of this case with the pending appeal in the Federal Circuit.

*See Monbo v. United States*, 175 Fed. Cl. 440, 452 (2025); *Brown v. United States*, 131 Fed. Cl. 540, 543 (2017).[3]

Defendants have not cited any case that supports the entry of a stay in these circumstances—i.e., after the Court has already denied a similar motion to stay and ordered expedited consideration; when expedited briefing on Plaintiffs' dispositive motion is complete; and when the purportedly "controlling" sister case (Mot. at 4) has been on appeal for less than 48 hours and in which preliminary briefing on a motion for injunction pending appeal hasn't even been completed. This is not a situation in which an existing appeal clashes with trial-court litigation in its early stages.

Indeed, in several of Defendants' cases, significant litigation remained such that the parties' resources were preserved through a stay. *UnionBanCal Corp. & Subsidiaries v. United States*, 93 Fed. Cl. 166, 168 (2010) (stay avoided "lengthy, expensive trial"); *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (not yet tried); *Union Steel Mfg. Co. v. United States*, 896 F. Supp. 2d 1330, 1332–33 (Ct. Int'l Trade 2013) (ongoing disputes remained); *RHI Refractories Liaoning Co. v. United States*, 35 C.I.T. 407, 411 (2011) (discussing "intermediate decision" yet to come). In *Diamond Sawblades Mfrs' Coal. v. United States*, 34 C.I.T. 404, 407 (2010), this Court denied a party's request to *lift* a stay because it was also a party to the appeal in the Federal Circuit, where it could protect

---

[3] If Defendants are correct that any stay of relief in *V.O.S.* and *Oregon* will be "necessarily" applicable here (Mot. at 7 n.2), then their assertion that it would be "manifestly inefficient and a waste of resources" (Mot. at 4-5) to brief that issue should Plaintiffs prevail in this Court is of little significance.

its interests. That situation contrasts sharply with Plaintiffs' here—a stay would preclude Plaintiffs from protecting their interests on appeal. And in *NTN Bearing Corp. of Am. v. United States*, 36 C.I.T. 846, 848 (2012), the party opposing the stay failed to even "allege" harm from the proposed stay. As discussed below, a stay would impose significant and unnecessary harm on Plaintiffs.

Moreover, the tariff cases Defendants cite are inapposite. All of them involve many more than four related suits; Defendants acknowledge that in two of those cases, the Court stayed "thousands" of cases in an effort to manage its docket. Mot. at 5–6 (citing *Tata Int'l Metals (Americas) Ltd. v. United States*, Case No. 20-00019, ECF No. 14; *In re Section 301 Cases*, Case No. 21-00052; *In re: Procedures for Entering a Stay in New Section 301 Cases*, Admin. Order 21-02 (Apr. 28, 2021)).

2. A stay would subject Plaintiffs to both significant hardship and inequity for at least four reasons: (1) a stay would effectively reverse this Court's order granting Plaintiffs' expedited consideration *even after the Court has effectively agreed with Plaintiffs on the merits*; (2) Plaintiffs would definitively be precluded from defending their interests in an ongoing appeal that was filed just days ago; (3) Plaintiffs will suffer extensive delays in obtaining refunds for tariffs they have already paid and relief from the unlawful tariffs that would apply to their incoming shipments; and (4) relying on the appeal in *V.O.S.* and *Oregon* could create unnecessary confusion and delay on remand given the mismatched Executive Orders, claims, and arguments raised in the various cases. These are significant harms that cannot be outweighed by Defendants' desire to lose one fewer case or maybe avoid additional briefing.

"[W]hen a federal court has jurisdiction, it also has a virtually unflagging obligation to exercise that authority." *Mata v. Lynch*, 576 U.S. 143, 150 (2015) (cleaned up); *Kaptan*, 592 F. Supp. 3d at 1338 (CIT has "overarching duty to timely resolve disputes[.]"). This Court already granted Plaintiffs' motion for expedited consideration of this case, and it has vanishingly little left to do given the *V.O.S.* order that already declared the President's tariffs unlawful and universally enjoined their enforcement. *V.O.S. Selections*, 2025 WL 1514124. It would be especially inequitable to Plaintiffs, *not* Defendants, if, after meeting the expedited briefing schedule, *and effectively prevailing on the merits*, Plaintiffs were then denied a ruling on their claims.

Staying the case now would definitively prevent Plaintiffs from defending their significant interest in the outcome of the Federal Circuit appeal. Longstanding Supreme Court precedent has established that stays should be "rare" because they force a litigant to "stand aside" and watch someone else litigate a case that "defin[es] the rights of both." *Landis*, 299 U.S. at 255. It cannot be the case that one such rare circumstance is when two of three cases being contemporaneously litigated moves to appeal mere days earlier as a result of a judgment addressing nearly identical issues. Again, Defendants cite no case that supports a stay in this circumstance. Conversely, "underpinning much of the case law—implicitly, if not explicitly—is a concern for the rights of assertedly aggrieved plaintiffs to seek redress in the courts." *An Giang Agri. & Food Imp. Exp. Co. v. United States*, 350 F. Supp. 2d 1162, 1164 n.3 (Ct. Int'l Trade 2004).

Here, Plaintiffs have already paid thousands of dollars in tariffs, will likely pay thousands more as their products arrive in the United States in the coming weeks and months if the *V.O.S.* judgment is stayed, and have otherwise demonstrated that they will suffer significant irreparable harm if the tariffs remain in place. *See generally* Pls.' S.O.F. (ECF 14-1) (Plaintiffs' Statement of Undisputed Material Facts). The appeal of the *V.O.S.* decision is just underway, has been consolidated, and is merely in the motion-for-injunction-pending-appeal stage. *V.O.S. Selections*, No. 25-1812. Plaintiffs can easily join that ongoing consolidated appeal and participate without substantially prejudicing the other parties or delaying consideration of the merits.

A stay would also significantly delay Plaintiffs' refunds for tariffs already paid and those they anticipate paying in short order. *See, e.g.*, Pls.' S.O.F. (ECF No. 14-1) ¶¶ 50–51, 59, 72, 83–85, 98–99, 104, 109, 116–18. Actual payment of the tariffs is the most concrete harm that any plaintiff in a tariff challenge could suffer. Indeed, adjudicating the validity of tariffs and providing for their refund is a core function of this Court. *See* 28 U.S.C. § 1581; *Nike, Inc. v. Rubber Mfrs. Ass'n*, 509 F. Supp. 912, 917 (S.D.N.Y. 1981) ("The legislative history of the Customs Court Act reveals a clear congressional intent that all matters relating to the appraisement and liquidation of duties be resolved in a single forum."). Moreover, in this case, Defendants did not contest the amount of the refunds certain Plaintiffs requested for tariffs already paid. *See, e.g.*, Defs.' Resp. S.O.F. (ECF No. 16-1) ¶¶ 50, 83–85, 98, 104. Yet, if a stay is entered as Defendants request, those refunds will be delayed until a final, unappealable decision in the consolidated *V.O.S.* case, which could take months if not a year,

and *then* an additional 60 days (Mot. at 1)—all while Plaintiffs would be forced to sit on the sidelines and watch someone else litigate a case that affects their rights. *Landis*, 299 U.S. at 255. This is grossly inequitable when compared with Defendants' stated harm, potential additional briefing on a motion for injunction pending appeal.

Finally, while the *V.O.S.* judgment declares unlawful all Executive Orders that Plaintiffs challenge, the mismatch between the claims, challenged orders, and arguments, could cause additional delay in resolving Plaintiffs' case once a stay is lifted. Preventing Plaintiffs from proceeding now risks loose ends and additional litigation that could be entirely avoided by allowing Plaintiffs to defend their specific claims and arguments in the just-initiated consolidated Federal Circuit appeal. This could overcome any small amount of judicial economy—to the extent there even is any—that could be saved now by risking even more resources being spent by the parties and court later.

\* \* \*

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court DENY Defendants' Renewed Motion to Stay Proceedings and expeditiously enter judgment for Plaintiffs.

DATED: MAY 30, 2025.

Respectfully submitted,

*/s/ Oliver J. Dunford*
OLIVER J. DUNFORD
Pacific Legal Foundation
4440 PGA Blvd., Suite 307
Palm Beach Gardens, FL 33410
(916) 503-9060
ODunford@pacificlegal.org

MOLLY E. NIXON
JOSHUA M. ROBBINS
ASHLEY TORKELSON LEVINE*
    **Application Pending*
Pacific Legal Foundation
3100 Clarendon Boulevard, Suite 1000
Arlington, VA 22201
(202) 888-6881
MNixon@pacificlegal.org
JRobbins@pacificlegal.org
ALevine@pacificlegal.org

*Attorneys for Plaintiffs*
*Princess Awesome, LLC, et al.*

## CERTIFICATE OF COMPLIANCE

Pursuant to U.S. Court of International Trade's Standard Chambers Procedures, undersigned counsel certifies this response to motion complies with the Court's type-volume limitation rules. This brief contains no more than 2,388 words. The response also complies with all typeface and margin requirements.

Respectfully submitted,

*/s/ Oliver J. Dunford*
OLIVER J. DUNFORD